UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 1:00-CV-885

LESLIE A. GRABLE, et al.,                      HON. GORDON J. QUIST

    Defendants.
_____/

**OPINION**

In this civil action, the United States seeks to collect unpaid taxes and penalties assessed against Defendant Leslie A. Grable through the sale of properties currently owned by Grable and properties that Grable transferred to the Defendants Scott Tribbett and Doris Woodard.[1] (ECF Nos. 116, 117.) For the reasons that follow, the Court will deny Grable's motion, grant the government's motion, and issue an order authorizing the government to sell the properties.[2]

**I. MOTION STANDARD**

Pursuant to Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do

---

[1] Defendants Tribett and Woodard never filed a response to the government's motion for summary judgment but are represented by counsel. (*See* ECF No. 111.)

[2] The government requested that the Court order the sale of properties that have been described as "Windsor Property I" and "Windsor Property II" that formerly belonged to Grable but were transferred to Byron and Leslie Graham on November 25, 1996. (Gov't Mot. Summ. J. ¶¶ 19, 20, 28, ECF No. 117-1 at 606-08.) However, this Court entered a default judgment against Byron and Leslie Graham on September 9, 2004, declaring that the Grahams have no right, interest, or title to those properties. Thus, the government's request is moot.

more than simply show that there is some metaphysical doubt as to the material facts." *Amini v. Oberlin Coll.*, 440 F.3d 350, 357 (6th Cir. 2006). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813–14 (6th Cir. 2006). Where the moving party has the burden of proof, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

## II. ANALYSIS

The parties' arguments center around two main issues: (1) whether Grable is liable for the assessments imposed as taxes, and (2) whether the government can foreclose on Grable's properties to satisfy the assessments.

### **Liability**

Grable argues that he is not liable for the assessments because the government lacks statutory authority to hold Grable liable and the government has not presented a factual basis for the assessments against him. However, the statutory authority to tax income is found in the Tax Code. *See* 26 U.S.C. § 1 *et seq*. To the extent that Grable argues, as he did in his first motion for summary judgment, that he is not liable for taxes because the tax system is voluntary, the Court has already rejected that argument. (Order 2/19/19, ECF No. 103 at PageID.260.)

In terms of a factual basis, "[i]t is well established in the tax law that an assessment is entitled to a legal presumption of correctness." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242, 122 S. Ct. 2117, 2122 (2002). Once the government offers a "minimal evidentiary foundation" for an assessment, the government "is awarded an initial presumption of correctness for its assessment, placing the burden of disproving such assessments on the taxpayer." *United*

*States v. Hammon*, 277 F. App'x 560, 563 (6th Cir. 2008) (citing *United States v. Besase,* 623 F.2d 463, 465 (6th Cir. 1980)). Stated differently, "[a] presumption of correctness attaches to the Commissioner's assessment, once some substantive evidence is introduced demonstrating that the taxpayer received unreported income." *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991).

The government has presented evidence that Grable previously testified that he was the president and 50% shareholder of a profitable company, Grable & Sons Metal Products, Inc., during the years in question, 1982-1986; received rental payments from the company through a partnership that he owned; founded Grable Industries, Inc. in 1985; and sold Grable Industries, Inc. for a profit in either late 1986 or early 1987. (*See* Gov't Exs. 8-11, ECF Nos. 117-9, 117-10, 117-11, and 117-12.) Because the government has offered the minimal evidentiary foundation necessary to trigger the presumption of correctness, Grable has the burden of disproving the validity of the assessments. *Hammon*, 277 F. App'x at 563. "The burden on the taxpayer is not merely a burden of producing evidence; it is a burden of persuasion by the preponderance of the evidence that the assessment is not correct." *Calderone v. United States*, 799 F.2d 254, 258 (6th Cir. 1986) (alteration omitted).

In response, Grable "affirmatively states" that he denies any appropriate assessments and denies the factual basis for the assessments but does not offer any evidence to refute the validity of the assessments. (ECF No. 116-1 at PageID.590.) That is not enough. "Vague and general denials of an assessment's accuracy do not . . . establish a reasonable denial sufficient to shift the burden to the Government." *United States v. Rohner*, 634 F. App'x 495, 499 (6th Cir. 2015) (internal quotation marks omitted). Grable has offered nothing more than vague and general

denials of the assessments' accuracy, and, therefore, cannot defeat the government's motion for summary judgment in regard to liability.

**Enforcement of Liens**

Grable next argues that the government has not established a valid lien on his properties because a proper demand under 26 U.S.C. § 6303 can only be made upon someone that is liable for an assessment. Having determined that Grable is liable for the assessments for tax years 1982-1986, the government's liens on the properties described in ¶¶ 15- 21 of the government's motion are valid. (ECF No. 117-1 at PageID.604-07; *see also* ¶¶ 24-28, PageID.607-08 (showing that federal tax liens were recorded in Eaton, Ingham, and Clinton Counties in 1991 and renewed in 2000 to secure the assessments for tax years 1982-1986)).

A federal tax lien for the amount of the tax owed, "including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto," arises at the time the assessment is made and continues until the liability is satisfied or becomes unenforceable due to the running of the statute of limitations. 26 U.S.C. §§ 6321, 6322. Subsequently, if this Court determines that the government has established its interest in a property, the Court can order the sale of that property and distribution of the proceeds to the government and any other claimants that can establish an interest in the property.[3] 26 U.S.C. § 7403(c). This includes property that has been transferred to a third party after the federal tax lien attached. § 7403(b); *United States v. Bank of Celina*, 721 F.2d 163, 166 (6th Cir. 1983) ("One effect of a tax lien is that a third party possessing property or rights to property belonging to a

---

[3] The only remaining Defendants—besides Grable, Tribbett, and Woodard—are the Ingham County Treasurer and the State of Michigan Department of Treasury. It appears to the Court that these Defendants were included in the complaint because they may also have an interest in Grable's properties. As such, the Court will order the sale of the properties subject to the interests, if any, of the Ingham County Treasurer and the State of Michigan Department of Treasury.

4

taxpayer holds such property subject to the lien, unless the third party has a prior lien or comes within one of the exceptions listed in 26 U.S.C. § 6323.").

### III. CONCLUSION

In this case, the government has established that Grable is liable for $2,400,470.67, (ECF Nos. 117-3, 117-4, 117-5, 117-6, and 117-7), plus statutory additions and interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622. To enforce the government's liens, the Court will order the sale of the properties listed in ¶¶ 15-21 of the government's motion,[4] including the properties now owned by Defendants Scott Tribbett and Doris Woodard, but subject to the interests, if any, of Defendants Ingham County Treasurer and State of Michigan Department of Treasury.

An Order consistent with this Opinion will enter.


Dated: December 20, 2019                     /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE

---

[4] Though, as mentioned above, the government was already authorized to sell Windsor Property I and Windsor Property II once it obtained a default judgment against former Defendants Byron and Leslie Graham in 2004.